May it please the court. I am Rebecca Kurz with the Appellate Public Defender's Office and I represent Mr. White. Mr. White was convicted of being a felon in possession of a firearm. It was found in a vehicle in which he was sitting in the driver's seat and he appeals from the denial of his motion to suppress after a conditional guilty plea. There are actually two searches in this case. One of the vehicle in which Sergeant Bryant found a baggie containing rocks of crack cocaine and then a second search later on that day when officers found a firearm under the driver's seat of the vehicle. The validity of the seizure of the firearm hinges on the validity of the first search regarding the cocaine. So I will be discussing whether the plain view exception to the warrant requirement applies with respect to the cocaine that was found. Was there, was it argued to the district court that there was an interruption by reason of the flight and subduing so that the automobile exception would not necessarily be essential to the search of the vehicle, the second? Well there's definitely evidence as to flight. Are you suggesting that his flight would maybe contribute to probable cause for the automobile exception so it didn't really? Well what's the doctrine when you have an inter, you know, the intervening cause? Well intervening cause might be used for attenuation purposes and there was some argument as to, because he was initially frisked. He was frisked. Defense counsel argued that that was improper. Said that the immediately then proceed, so that's where the attenuation came in. And I'm not saying, I'm not arguing the frisk here. I think that's kind of a red herring in this case. It doesn't matter. No evidence was seized. No I was focusing on the flight and the resistance and that arrest. Okay. The search of the vehicle. The officer, Officer Bryant, stands outside the vehicle. He leans in, he looks through the window and he says that he sees cocaine in a baggie. Says it's propped up on some miscellaneous items in paper in the cup holder. What specifically, if any, findings did the district court make about that? None. That's the heart of this issue because there was a contradictory statement made by Sergeant Bryant at the time of the arrest. He's a staffer, Mr. White, and he can be heard yelling in on his radio, underneath the cup there should be a nice bag of crack cocaine, I think. So in his statement at the time of these events. Does that necessarily mean that it wasn't visible? I think the government's position is, I mean it still could be visible if, I guess I was imagining this was a styrofoam cup. I don't know if it was or if it was not. But the fact that it's under something does not necessarily mean that it's not visible. Here's the problem, I think, in making that finding. First of all, it's not supported by anything in the record. There is no evidence that there was a cup, that a cup even existed. Sergeant Bryant says, I don't remember there being a cup. Sergeant Bryant says, when confronted with this statement where he says it's underneath a cup, he says, I'm not sure why I made that statement. I have no explanation for it. And so the district court cannot supply facts to support this theory that it was both propped up. There's something that bothers me here. Magistrate Judge Hayes is very experienced and careful. Were there either oral arguments or briefings submitted after the hearing to the magistrate judge? There was not briefing after the hearing. However, when she did her report and recommendation, the defense counsel specifically objected on this ground. To the district court. Was there a motion to reconsider to the magistrate judge? They did not do a motion to reconsider. I think there's a failure to preserve right there. I would disagree. How is the judge supposed to pick out of thin air the fact that there's an inconsistency in statements if counsel don't focus on it? Well, they did at the suppression hearing though. There was cross-examination of Sergeant Bryant. This long recording. Was it only oral argument at the end of the hearing? Are there transcript pages or are there briefs I can read? There are transcript pages that are referred to. Do you happen to know what pages I should be reading? District court did not. It's in my statement of the case. I believe, I don't recall, I think it was about minute seven on the 911 call where he says underneath the cup is the crack cocaine. I'm talking about the argument that should have alerted magistrate judge Hayes to what was then objected to of her R&R. When a magistrate judge issues a report and recommendation that is disagreed with, defense counsel files objections. And in those objections, it very clearly argued, look, you have a contradiction in the evidence here. The district court is required to review all evidence and findings made by the magistrate court and is not allowed to simply just adopt them without considering, well, how is this factual dispute resolved? What can we do here? So your argument is not that there was clear error below. Your argument was there was a lack of a finding. Is that right? In other words, our standard review is highly deferential. But to what are you deferring? There's no finding. There's no finding. You're arguing there's a lack of finding. There's a lack of finding, but I'm also arguing that this lack of finding means the government didn't prove its case by a preponderance of the evidence. And so the suppression motion should have been granted. What's your authority for that? United States versus ProCupac. It's PRO, KB, K-U-P-E-K. I've read that. I didn't think it was much on point. Well, it's on point somewhat, but it doesn't establish suppression as opposed to remand. Well, they specifically said reverse. The drugs must be suppressed. The case is remanded for further actions consistent with this opinion is what I have in my notes. And it is quite like this case because in that case, the officer was testifying that the defendant failed to make a turn signal when he turned onto a county road. However, on a dash cam. Yeah, I know the facts. We therefore hold the court's finding was clearly erroneous. But there was a finding of a turning. Here there's no finding. And you want us to make the favorable finding so that we can Well, actually, I think what this court would be saying, this court would be simply saying, look, you have evidence that is in equipoise. It's evenly balanced. There is no way based on a fact in the record or a fact finding made by the district court for this court to say. I don't agree it's in equipoise. You can't go back to our ancient cases about if it's in equipoise, we have to suppress. Well, the greater weight of the evidence doesn't support either finding. And that was the government's burden. I think the flight itself is considerable evidence. But it's certainly not conclusive. But Sergeant Bryant gets into the vehicle prior to the flight. You have to resolve that issue first. He's leaning in that car. If he didn't see it from his position outside the driver's side window and he leans in and sees it underneath a cup, he's committed the search, which sparks the flight. So the flight is an admissible fruit of the illegal search. I understand that. But I can tell you, I'm not going to make that fact finding on this record as a circuit judge. And if you cannot, I would say remand is the appropriate remedy then. I'll reserve the remainder of my time. Thank you. Mr. Hurts. Thank you, Your Honor. May it please the court, Ben Hurst for the United States. This is not a case about whether there was a- Did you argue this before? Did you conduct the hearing? I did not, Your Honor. It's always helpful to have before us the Understood, Your Honor. This is not a case about whether there was or wasn't a cup. The question for this court is whether, considering all the evidence, the district court clearly erred when it decided to credit Sergeant Bryant's testimony. No, we're talking about lack of finding, frankly. I don't understand how the government lawyer could have allowed this to go without a finding. Did the government argue this issue? Did the magistrate judge at the close of the hearing? You're up here telling the Eighth Circuit to find implicit findings. That's off the chart. Your Honor, I respectfully disagree with that. I think what we're asking- Give me a controlling suppression case where we relied on implicit findings on a critical fact question. Your Honor, I think the finding here that we're asking the court to uphold- I asked you for authority. If you say I have none, then move on. Your Honor, the case in Bloomfield is a case where this court held that without essential findings on the record, the court can still affirm if there's any reasonable view of the evidence that supports the district court's holding. I would suggest to Your Honor that there is a finding here. The district court specifically found that in the cup holder, in the center console, Sergeant Bryant observed the sandwich baggie full of white, rock-crystalline-like substance that he recognized as crack cocaine. It further said, the court finds Sergeant Bryant observed the crack cocaine in plain view from a lawful vantage point. That's the finding we're asking the court to uphold. We think that's a finding that is not clearly erroneous under this record. It's not clearly virtually unreviewable on appeal. Here, the district court can only be read, and this is what happened in Bloomfield, can only be read to have credited the Sergeant Bryant's testimony that he saw crack cocaine in plain view. Wait a minute. Can only be read? As I recall, it's not much more than a one-sentence opinion. It's eight lines with no reasoning other than to adopt a carefully, after carefully reviewing the magistrate's report, conducting an independent review of the record, the court adopts the report and recommendation, which is absent, which is missing a critical finding. Your Honor, respectfully, the finding is in the magistrate judge's report and recommendation. The magistrate judge found that Sergeant Bryant observed the crack cocaine in plain view. That finding, we acknowledge, there's some tension between Sergeant Bryant's statement at his testimony at the hearing, that he saw the crack cocaine without anything covering it. There's some tension. He was miserably prepared for the hearing, if at all. Well, Your Honor, there is . . . There's no way this should have come up with a witness who had been prepared or cautioned to prepare before walking in. Was he asked about the inconsistency on direct? I'm sure not. Your Honor, I believe that came up on cross and again on redirect. Sure. And he'd been abysmally prepared. He was abysmally unprepared. Understood, Your Honor. So is your argument that there was a finding of plain view, but that the credibility finding that that plain view conclusion was based on, that that was implicit? Yes, Your Honor. The magistrate judge did not expressly say, we find Sergeant Bryant credible, but we think the only reasonable view . . . and this is exactly what happened in Bloomfield and in another case, we cited Cortez Palomino, where the only view you can take from the magistrate judge's R&R is that she found Sergeant Bryant credible on that point. Well, one of his pieces of testimony she found credible. Yes, Your Honor. But in our view, that's the piece that's specifically germane to the probable cause finding. There is a separate question about whether there was a cup or not. There was a separate question about whether there was a cup or not. But the cup does not necessarily require . . . the defendant's argument here rests on an inference that because there was an inconsistency about whether there was a cup . . . He said there was a cup. If he's a credible witness, then there was a cup. Your Honor, he said there was a cup when he had finished arresting the defendant, while he was under . . . You want the favorable half to be credible and the other half to be ignored as a mistake. Well, that's how credibility findings operate, Your Honor. We don't have a credibility finding. We have an implicit credibility finding. We don't have an implicit credibility finding. When a witness has inconsistent . . . when a witness's testimony is contradicted by the witness's own prior inconsistent statement, that requires a finding. Your Honor . . . If the witness is credible, which witness? Well, Your Honor, there's only one set of testimony here. There's the testimony of Sergeant Bryant at the hearing, under oath. And then there's the statement . . . You've read Justice Scalia's Brown opinion where the . . . video evidence is conclusive that the witness's testimony was not credible. Now, this one may not be that conclusive, so conclusive that we as an appellate court can decide it. But that's the trial court's job. Your Honor, respectfully, the trial court did that here. The inference that the district court . . . Where? The inference that . . . What language? Quote me the language where the district court resolved this problem, explicitly. Your Honor, the district court specifically found that Sergeant Bryant saw the crack cocaine in plain view. That means that the district court necessarily rejected the inference that it was hidden in the cup, which is the inference that the defendant wants this court to draw. Now, that court is . . . that inference is specifically inconsistent with what the magistrate judge found. If the magistrate judge had found, well, I didn't know whether there was a cup or not, but I think . . . Well, that's not what happened. What the magistrate judge found is specifically that the crack cocaine was visible in plain view, not . . . And whether there was a cup or not, at that point, is not a thing that the district court needs to . . . or the magistrate judge needs to resolve at all. Because whether there was a cup or not, if the crack cocaine was in plain view, is not relevant. And the important thing to recognize here is this . . . Do you agree with counsel that White fled when Bryant was in the car? I . . . Your Honor, I don't . . . I don't think . . . I didn't hear her say that, but . . . I . . . I . . . But I'll . . . I'll explain to the court what happened. It's in the brief, and she said it again this morning. What happened is, Sergeant Bryant exited the car, looked at the officer . . . Well, just answer . . . I've read all the facts. I'm just asking if you agree, as it seemed to me from both briefs, that he was in the car. He looked up and nodded to arrest White, who then fled. I just don't want to . . . He was in the car when he did that. He was not in the car when he did that, Your Honor. I don't want to misspeak. I agree with Your Honor, I think, about what . . . what the . . . the . . . what happened, but I don't want to misspeak. He was not physically in the car when he nodded. Was his head in the car? No, Your Honor. He nodded. He looked at the defendant and the . . . and Sergeant Simon. He nodded, and then the defendant fled. Okay. We see that on the video or in the testimony, or what? I think that's exactly what the video shows, Your Honor. Okay. Counsel, when I was reading the transcript of the cross-examination of the officer, it seemed to me that he was trying to explain his inconsistency and was cut off because he said, I'm not sure, but I was up, and the word up is cut off, and I think he was trying to say he was upset at the time and simply misspoke. Is that a possibility? It's a possibility, Your Honor. I have to say I don't recall the exact phrase Your Honor is referring to in the transcript. We think that there is an explanation for how the Sergeant Bryant came to this different explanation of what happened, and we think that that is just a circumstance where he was not trying to make a record straight for the court about what had happened so that this court could review it. What he was trying to do was tell other officers who needed to get back to the car before the crack cocaine was stolen where it was. So he wasn't speaking artfully at that point. That's what we'd submit as a possible explanation, although we admit that he didn't give that explanation at the hearing. Thank you. Thank you, Your Honor. With respect to the finding, the government views this, whether there was a cup or not, as a sort of corollary question. That is not something that this court needs a magistrate judge to lay out blow by blow. R&R is not a play-by-play. It's a box score. What this court does is look at the entire record to see if the finding that the magistrate judge actually made was clearly erroneous. Here we don't think it was. Here there's a plausible explanation of the evidence that supports the magistrate judge's finding. So even if this court would have made a different finding, if it were sitting in the magistrate judge's spot, we'd ask this court to affirm. I see that I'm out of time. Unless the court has additional questions, we'd ask the court to thank you. Thank you. Does Curtis have some time? Yes, she does, Your Honor. Do I wait for the podium to be cleaned? Yes. Thank you. I would like to answer Judge Arnold's question first. Judge, the testimony that you were referring to is at page 48 of the suppression hearing transcript. It's lines 4 through 11. And Sergeant Bryant says, well, defense counsel, is that what you're saying? Underneath the cup there should be a nice bag of crack, I think. That's what I said, ma'am. Okay, and so underneath the cup was the crack, correct? That's what I said. But it was up, and then he pauses. I guess I don't know why I said that. So I don't think that there was an interruption by defense counsel. I don't read it that way. I think he just stopped speaking and said, but it was up. I guess I don't know why I said that. And then I think on redirect, the assistant United States attorney goes back at some point. I'm sorry I don't have the page and line reference for that, but asks again if there was an explanation. And Sergeant Bryant just didn't have an explanation for that. Thank you. There was mention by counsel that there is an implicit credibility finding in this case. Even if there was, it wouldn't do us any good because the inconsistency is within one witness's testimony. So the question is, well, which statement was the credible one, the one where it's underneath the cup or the one where it's propped up on papers? Don't we know that because we have a finding of plain view? Well, but then you have to implicitly say somehow that the magistrate judge rejected what he said on the 911 call. And in typical cases, we would be saying that was the contemporaneous statement. That was made maybe in excited utterance. He's just run down Mr. White. It's underneath the cup. He's trying to tell officers where to pick it up so the evidence doesn't get stolen by somebody on the street. And then a year later, when his memory's not quite so good, and when we're in the middle of litigation is when it was on top of a cup holder. If there are no further questions, I thank you very much for your time. Thank you, counsel. The case has been thoroughly briefed and argued, and we will take it under advisement.